```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


SCOTT ALBERT,

                 Petitioner,

vs.                                  Case No.   2:06-cv-367-FtM-29DNF
                                     Case No.   2:04-cr-93-FtM-29DNF

UNITED STATES OF AMERICA,

                 Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1), filed on July 20, 2006. The government filed its Response in Opposition (Doc. #6) on September 22, 2006.

**I.**

On September 29, 2004, Scott Albert was charged in a two count Indictment with (1) transporting visual depictions involving the use of minors engaged in sexually explicit conduct, and (2) possessing material involving the sexual exploitation of a minor with intent to traffic. (Cr. Doc. #1[1].) Petitioner was arrested in Vermont, appeared before a magistrate judge on October 7, 2004, was appointed counsel, waived an identity hearing, and was ordered

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc.) And docket numbers referring to the civil case are cited as (Doc.).

transported to the Middle District of Florida.  (Cr. Doc. #58.)

On March 18, 2005, in the Fort Myers Division of the Middle District of Florida petitioner plead guilty before the magistrate judge to Count One without the benefit of a written Plea Agreement but with an oral agreement that Count II would be dismissed at sentencing (Cr. Doc. #40, pp. 3-5).  On June 27, 2005, petitioner was sentenced to 136 months' imprisonment, supervised release for life, and participation in a 500 hour drug treatment program, if eligible.  The government dismissed Count Two.  (Cr. Docs. #41, 42.)

Petitioner filed a Notice of Appeal (Cr. Doc. #43) on July 1, 2005.  On January 26, 2006, the Eleventh Circuit Court of Appeals granted petitioner's motion to dismiss the appeal with prejudice (Cr. Doc. #52).  Petitioner filed his timely §2255 motion on July 20, 2006.

**II.**

Petitioner raises three claims of error in his § 2255 motion: (1) ineffective assistance of counsel for the failure of his attorney to "explain the benefits of accepting a written plea versus a verbal plea"; (2) the Court's failure to apply the "safety valve" in the calculation of the Sentencing Guidelines range; and (3) showing petitioner a different Indictment before the Magistrate Judge in Vermont than the one to which he plead guilty in Florida.

**A.   Ineffective Assistance of Counsel:**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005); Wiggins v. Smith, 123 S. Ct. 2527, 2535 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.

Petitioner has failed to show either deficient performance or prejudice. At the change of plea hearing the magistrate judge discussed the absence of a written plea agreement, but elicited the full terms of the verbal agreement, i.e., dismissal of Count II (Cr. Doc. #40, pp. 3-5, 15). Defense counsel stated that the government "was kind enough to allow us to plead without the restrictions of the plea agreement, . . ." (Cr. Doc. #40, p. 4), which in the Middle District of Florida typically include an appeal waiver provision and other standard terms. Additionally, defense counsel stated that the government "agree[d] to drop Count Two if he pleads to Count One." (Cr. Doc. #40, p. 4.) Far from being deficient performance, the record demonstrates that counsel's performance was both reasonable and beneficial to petitioner. Moreover, during his change of plea hearing petitioner stated that he was satisfied with his attorney's representation. (Cr. Doc. #40, p. 9.) The Court finds that the record refutes petitioner's claim of ineffective assistance of counsel.

**B. Safety Valve**:

Petitioner's claims that the Court erred in its failure to apply the "safety valve" to determine his Sentencing Guidelines range. This issue is both procedurally defaulted and, alternatively, without merit.

Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir.

1994), cert. denied, 514 U.S. 1112 (1995); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied 494 U.S. 1018 (1990). An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills, 36 F.3d at 1055. A procedurally defaulted issue will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors of which petitioner complains, or actual innocence. Mills, 36 F.3d at 1055. Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623-24 (1998).

As the government asserts, this issue is procedurally defaulted because the failure to apply the safety valve was available to petitioner as an issue on direct appeal but petitioner dismissed the appeal with prejudice. Additionally, there is no showing by petitioner of cause and prejudice or actual innocence.

Alternatively, the safety valve issue is without merit. The "safety valve" provision applies only to certain types of drug offenses. 18 U.S.C. § 3553(f); United States Sentencing Guidelines, § 5C1.2. Since the child pornography offense to which petitioner plead guilty was not a qualifying offense, there was no error in failing to consider the safety valve in this case.

**C.  Different Copy of Indictment:**

Petitioner argues that the Indictment he was shown before the Magistrate Judge in Vermont was different from the Indictment to which he plead in Florida. This claim is procedurally defaulted, waived by entry of the guilty plea, and refuted by the record.

This claim is procedurally defaulted under the legal principles summarized above. The issue was available to petitioner at the time of his direct appeal, the appeal was dismissed by petitioner, and there is no showing of cause and prejudice or actual innocence.

Additionally, petitioner has waived this issue by pleading guilty to Count One. "A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in the defendant's court proceedings." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997). The Court has reviewed the transcript of petitioner's guilty plea (Cr. Doc. #40), and finds that petitioner received the benefit of competent counsel and that his guilty plea was entered into knowingly, freely, and voluntarily.

For the reasons set forth below, the Court further finds that there was no defect in proceedings in Vermont and therefore no jurisdictional impact upon the Florida proceedings.

Finally, the record establishes that the correct Indictment was shown to petitioner in Vermont.  Compare Cr. Doc. #58 with Cr. Doc. #1.  Even if this was not the case, the Florida district court had jurisdiction over petitioner and the offense charged in the Indictment.  Petitioner was arraigned in the Middle District of Florida on the charges in the Indictment (Cr. Doc. #8) and given a copy of the Indictment, as required by Fed. R. Crim. P. 10(a).  The guilty plea transcript (Cr. Doc. #40) clearly establishes that petitioner understood the charge, and he did not question it in relation to any difference charge from Vermont.  Likewise, the sentencing transcript (Cr. Doc. #47) establishes that petitioner testified at some length and in some detail about his offense conduct, and never indicated a misunderstanding of the charge.

Accordingly, it is now

**ORDERED**:

1.  Petitioner's Motion under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DENIED** as to all issues, and alternatively is **DISMISSED** as to the safety valve issue and the different Indictment issue.

2. The Clerk shall enter judgment in the civil case accordingly, and close the file. The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of August, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Petitioner
AUSA